UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, (f/k/a Painters District Council No. 2) GREGG SMITH, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 2, PAINTERS DISTRICT COUNCIL NO. 2 PENSION TRUST, PAINTERS DISTRICT COUNCIL NO. 2 WELFARE TRUST, PAINTERS DISTRICT COUNCIL NO. 2 VACATION TRUST, and PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, By and through GREGG SMITH, DAVID DOERR, RICH LUCKS, WILLIAM BOEVINGLOH, CARL FARRELL, DONALD THOMAS, DANIEL WEINSTROER, MICHAEL SMITH, DANIEL HANSON, STEVE PHILLIPP, JR., MARK BORGMANN, MICHAEL SLATTERY, JOSEPH KEIPP, TIM WEIS and FRED PHILLIP, JR., in their Representative Capacities as Trustees of the PAINTERS DISTRICT COUNCIL NO. 2 PENSION, WELFARE, VACATION and APPRENTICESHIP AND JOURNEYMAN TRAINING TRUSTS,<br><br>       Plaintiffs,<br><br>v.<br><br>RDB UNIVERSAL SERVICES, LLC,<br><br>and<br><br>DELORIS BERRY<br><br>and<br><br>RELDER BERRY<br><br>       Defendants. | Case Number |

## COMPLAINT

  COME NOW Plaintiffs, and for their cause of action against RDB UNIVERSAL SERVICES, LLC (hereinafter "RDB"), state as follows:

1.      Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b) and (c) of Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185 and by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(e)(1) and (f).

2.      Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

3.      Plaintiff Painters District Council No. 58 (f/k/a Painters District Council No. 2, hereinafter "Painters") is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

4.      Painters maintains its principal offices within this judicial district at 2501 59th Street, St. Louis, Missouri 63110.

5.      The Painters District Council No. 2 Pension Trust (hereinafter "Pension Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

6.      The Pension Trust is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7.      The Pension Trust is administered within this judicial district at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.

8.      Plaintiffs Gregg Smith, David Doerr, Rich Lucks, Daniel Wienstroer, Tim Wies and Fred Philipp, Jr. constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9.      The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

10. The Pension Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Pension Trust.

11. The Painters District Council No. 2 Welfare Trust (hereinafter "Welfare Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

12. The Welfare Trust is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

13. The Welfare Trust is administered within this judicial district at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.

14. Plaintiffs Gregg Smith, William Boevingloh, Carl Farrell, Daniel Hanson, Michael Smith and Don Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15. The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

16. The Welfare Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Welfare Trust.

17. The Painters District Council No. 2 Vacation Trust (hereinafter "Vacation Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

18. The Vacation Trust is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

19. The Vacation Trust is administered within this judicial district at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.

20. Plaintiffs Gregg Smith, David Doerr, Carl Farrell, Mark Borgmann, Steven Philipp, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21. The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

22. The Vacation Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Vacation Trust.

23. The Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

24. The Apprenticeship Trust is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25. The Apprenticeship Trust is administered within this judicial district at 18036 Eads Avenue, Chesterfield, Missouri 63005.

26. Plaintiffs Gregg Smith, Michael Smith, Joseph Keipp, Carl Farrell, Michael Slattery and William Boevingloh constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27. The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

28. The Apprenticeship Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Apprenticeship Trust.

29. At all times relevant herein, Defendant RDB was doing business within the State of Missouri and this judicial district with a physical address at 5857 Julian, St. Louis, Missouri 63112.

30.     Defendant RDB was at all times relevant herein an employer within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. 1002(5) and 1145.

31.     Defendant RDB was at all relevant times signatory to and/or bound by a collective bargaining agreement (hereinafter "CBA") with the Painters through signature of Relder Berry, its vice president, on April 15, 2013.

32.     The CBA bound Defendant RDB to submit fringe benefits, dues remissions, contributions to the Labor Management Cooperation Fund and evidencing hours each hour worked by its construction employees at the rate and manner specified in the CBA and Trust documents.

33.     Under the terms of the CBA, Defendant RDB was at all relevant times obligated to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due on its construction employees at the rate and manner specified in the CBA and Trust documents.

34.     Under the terms of the CBA, Defendant RDB was at all relevant times obligated to make contributions on a weekly basis to the Trusts and the Labor Management Cooperation Fund.

35.     Under the terms of the CBA, Defendant RDB was at all relevant times obligated to remit Union dues to the Painters.

36.     The Trusts and the Trustees are third party beneficiaries of the CBA.

37.     Under the terms of the CBA, Defendant RDB was at all relevant times bound to the Painters District Council Pension Trust and Plan Agreement (hereinafter "Pension Agreement").

38.     Under the terms of the CBA, Defendant RDB was at all relevant times bound to the Painters District Council No. 2 Welfare Trust Agreement (hereinafter "Welfare Agreement").

39. Under the terms of the CBA, Defendant RDB was at all relevant times bound to the Painters District Council No. 2 Vacation Plan and Trust Agreement (hereinafter "Vacation Agreement").

40. Under the terms of the CBA, Defendant RDB was at all relevant times bound to the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust Agreement (hereinafter "Apprenticeship Agreement").

41. Article XXII of the Pension Agreement provides in part, "The Trustees shall further have the right to audit the books of a participating employer when such is deemed necessary or desirable for the effective administration of the Trust."

42. Article XXI of the Welfare Agreement provides in part:

The Trustees shall have the authority to reasonably request of any Employer, and an Employer, when so reasonably requested, shall furnish to the Trustees such information, documents and reports as may be necessary in the performance of their duties under this Agreement and Declaration of Trust.

43. Article XV of the Vacation Agreement provides in relevant part:

The Trustees shall have the authority to reasonably request of any Employer, and an Employer when so reasonably requested shall furnish to the Trustees, such information and reports as may be necessary in the performance of their duties under this Plan and Trust Agreement.

44. Article V, Section 4, of the Apprenticeship Agreement provides in part as follows:

The Board of Trustees, or any authorized agent or representative of the Trustees, shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer obligated to contribute to the Fund and to examine and copy such of the books, records, paper and reports of said Employer as may be necessary to determine the hours of work done and places where done by any employees and to permit the Trustees to determine whether said Employer is making payment to the Trust of the amount required by the Collective Bargaining Agreement with said Employer.

45. The CBA provides as follows:

All District Councils and signatory contractors to this agreement agree to contribute to the Labor Management Cooperation Fund a minimum of ten cents ($.10) for each

6

hour or portion thereof for which an employee receives pay, except on Summer Students or first 6-month Pre-Apprentice.

46. Since on or about the week ending August 9, 2014, RDB has failed and refused to file accurate reports evidencing hours worked.  Failing to file accurate reports is in breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

47. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant RDB is liable to Plaintiffs for all unpaid principal amounts.

48. Pursuant to Section 4 of the CBA and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant RDB is liable for liquidated damages on the unpaid principal amounts.

49. Pursuant to Section 4 of the Agreement, Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and the Plan and Trust agreements referred to above, Defendant RDB is liable for liquidated damages on amounts it has paid and may pay in an untimely manner.

50. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant RDB is also liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees and costs incurred by Plaintiffs in connection with this action.

51. Defendant RDB by its breach of the Agreement, in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and breach of the Described Plan and Trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

(a) That this Court enter a preliminary injunction requiring Defendant RDB to submit any reports and payments that may become due after the date of such injunction, within seven (7) days after each weekly payroll date;

    (b)    That this Court order Defendant RDB to submit all of its books and records to an audit so that Plaintiffs may determine the precise amount of its delinquencies, all in accordance with the Agreement;

    (c)    That this Court enter an order compelling Defendant RDB to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

    (d)    That this Court enter an order permanently compelling and enjoining Defendant RDB to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and Defendant RDB are or may become bound; and

    (e)    That this Court enter its judgment and decree against Defendant RDB for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

## COUNT II
### Deloris Berry

COME NOW Plaintiffs, and for their cause of action against Deloris Berry state as follows:

52.    Plaintiffs restate and reallege all of the above paragraphs as if fully set forth herein.

53.    Deloris Berry is a natural person who can be found in Missouri.

54.    Jurisdiction and venue of this cause of action and the parties to it is conferred upon this Court by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367, United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

55.    On April 15, 2013, Deloris Berry, at the time of signing the CBA on behalf of RDB, signed a document labeled "Guarantee of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments." (Hereinafter, the "Guarantee").

56.    The Guarantee reads in pertinent part:

8

> The undersigned owner(s) of the Company guarantee(s) the payment of all amounts due the Union, members of the Union employed by the Company, and the Trustee of the various Trust Funds, pursuant to the collective bargaining agreement between the Company and the Union and any subsequent collective bargaining agreement, whether those amounts become due before or after the date of this guaranty. The owner(s) of the Company also guarantee(s) the payment of all damages, costs, fees and expenses which the union, the members of the Union employed by the Company or the Trustees of the Trust Funds may be entitled to recover from the Company pursuant to the collective bargaining agreement or under any local, state, or federal law.

57. The Painters require new employers who wish to become signatory to the CBA described above to furnish a personal guarantee on wages, dues remissions, fringe benefit contributions and other miscellaneous payments before an employer becomes signatory to the CBA.

58. Due to the risk of a signatory employer accumulating debt in non-payment to the Painters and its associated Trust Funds, and for the protection of its bargaining unit members, the Painters rely on the existence of the Guarantee to allow employers to become signatory to a CBA.

59. As stated above, RDB is delinquent to the Plaintiffs in an unknown principal amount of contributions and has failed to submit required contribution reports evidencing hours of work, as well as unknown additional principal, liquidated damages, interest, attorneys' fees and costs.

60. Despite the existence of the Guarantee, Deloris Berry has failed and continues to fail to act under her obligation created by the Guarantee, damaging the Painters and Plaintiffs.

61. Plaintiffs have performed all conditions precedent the Guarantee requires of them.

WHEREFORE, Plaintiffs pray:

(a) That this Court enter its judgment and decree against Deloris Berry jointly and severally with RDB for the discovered damages, together with interest and damages on that amount, all in accordance with the CBA and ERISA;

(b) That this Court enter an order compelling Deloris Berry jointly and severally with RDB to specifically perform her obligations to pay liquidated damages on principal amounts RDB has paid late or may in the future pay late;

(c) That this Court enter an order permanently compelling and enjoining Deloris Berry jointly and severally with RDB to submit any and all future payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and Defendant RDB are or may become bound if Defendant RDB fails to make payments as required by the CBA; and

(d) That this Court enter its judgment and decree against Defendant Deloris Berry jointly and severally with RDB for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

## COUNT III
## Relder Berry

COME NOW Plaintiffs, and for their cause of action against Relder Berry state as follows:

62. Plaintiffs restate and reallege all of the above paragraphs as if fully set forth herein.

63. Deloris Berry is a natural person who can be found in Missouri.

64. Jurisdiction and venue of this cause of action and the parties to it is conferred upon this Court by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367, United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

65. On April 15, 2013, Deloris Berry as an authorize agent of Relder Berry and at the time of signing the CBA on behalf of RDB, signed on behalf of Relder Berry a document labeled "Guarantee of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments." (Hereinafter, the "Guarantee").

66. The Guarantee reads in pertinent part:

The undersigned owner(s) of the Company guarantee(s) the payment of all amounts due the Union, members of the Union employed by the Company, and the Trustee of the various Trust Funds, pursuant to the collective bargaining agreement between the Company and the Union and any subsequent collective bargaining agreement, whether those amounts become due before or after the date of this guaranty. The owner(s) of the Company also guarantee(s) the payment of all damages, costs, fees and expenses which the union, the members of the Union employed by the Company or the Trustees

10

of the Trust Funds may be entitled to recover from the Company pursuant to the collective bargaining agreement or under any local, state, or federal law.

67. The Painters require new employers who wish to become signatory to the CBA described above to furnish a personal guarantee on wages, dues remissions, fringe benefit contributions and other miscellaneous payments before an employer becomes signatory to the CBA.

68. Due to the risk of a signatory employer accumulating debt in non-payment to the Painters and its associated Trust Funds, and for the protection of its bargaining unit members, the Painters rely on the existence of the Guarantee to allow employers to become signatory to a CBA.

69. As stated above, RDB is delinquent to the Plaintiffs in an unknown principal amount of contributions and has failed to submit required contribution reports evidencing hours of work, as well as unknown additional principal, liquidated damages, interest, attorneys' fees and costs.

70. Despite the existence of the Guarantee, Relder Berry has failed and continues to fail to act under his obligation created by the Guarantee, damaging the Painters and Plaintiffs.

71. Plaintiffs have performed all conditions precedent the Guarantee requires of them.

WHEREFORE, Plaintiffs pray:

(a) That this Court enter its judgment and decree against Relder Berry jointly and severally with RDB and Deloris Berry for the discovered damages, together with interest and damages on that amount, all in accordance with the CBA and ERISA;

(b) That this Court enter an order compelling Relder Berry jointly and severally with RDB and Deloris Berry to specifically perform his obligations to pay liquidated damages on principal amounts RDB has paid late or may in the future pay late;

(c) That this Court enter an order permanently compelling and enjoining Relder Berry jointly and severally with RDB and Deloris Berry to submit any and all future payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and Defendant RDB are or may become bound if Defendant RDB fails to make payments as required by the CBA; and

(d) That this Court enter its judgment and decree against Defendant Relder Berry jointly and severally with RDB and Deloris Berry for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

/s/ James P. Faul
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
Saint Louis, Missouri 63108
Telephone:  (314) 531-1054
Facsimile:  (314) 531-1131
jfaul@hghllc.net

Attorneys for Plaintiffs