UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL, NO. 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:14CV01812 ERW |
| RDB UNIVERSAL SERVICES, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' "Motion for Leave to File Counterclaim" [ECF No. 33].

### I. BACKGROUND

On October 27, 2014, Plaintiffs filed a Complaint against Defendants RDB Universal Services, LLC ("RDB"), Deloris Berry, and Relder Berry [ECF No. 1], based on RDB's alleged breach of a collective bargaining agreement ("CBA"). According to the Complaint, the CBA bound RDB "to submit fringe benefits, dues remissions, contributions to the Labor Management Cooperation Fund and evidencing [] each hour worked by its construction employees at the rate and manner specific in the CBA and Trust documents" [ECF No. 1 at ¶ 32]. Plaintiffs allege RDB was obligated under the CBA to make reports and contributions on a weekly basis [ECF No. 1 at ¶ 33-34]. The Complaint states, "Since on or about the week ending August 9, 2014, RDB has failed and refused to file accurate reports evidencing hours worked[,]" in breach of the CBA and in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145 [ECF No. 1 at ¶ 46]. Thus, Plaintiffs conclude, pursuant to 29 U.S.C. § 1132(a)

and (g), RDB is liable for unpaid principal amounts, liquidated damages on the unpaid principal amounts, "liquidated damages on amounts it has paid and may pay in an untimely manner," as well as reasonable attorneys' fees, accounting fees, and costs incurred in connection with this action [ECF No. 1 at ¶¶ 47-50]. Plaintiffs seek to hold Deloris and Relder Berry jointly and severally liable for RDB's failures, as guarantors of the CBA obligations [ECF No. 1 at ¶¶ 52-71].

On December 9, 2014, Defendants filed their joint "Answer and Affirmative Defenses" [ECF No. 12]. On January 7, 2015, the Court issued its "Case Management Order," which contained the following relevant provisions of the "Scheduling Plan": all motions for joinder of additional parties and motions for amendment of pleadings were to be filed no later than March 4, 2015; all disclosures required by Federal Rule of Civil Procedure 26(a)(1) were to be made no later than March 20, 2015; disclosure of Plaintiffs' expert witnesses, and the provision of related reports, was to be made no later than April 8, 2015, with depositions of said experts to be completed no later than May 6, 2015; disclosure of Defendants' expert witnesses, and the provision of related reports, was to be made no later than May 20, 2015, with depositions of said experts to be completed no later than June 24, 2015; all discovery is to be completed no later than September 22, 2015; and "[a]ny motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than October 19, 2015" [ECF No. 16 at 1-2]. Trial is set to begin February 8, 2016 [ECF No. 16 at 2].

Subsequent to the passing of the March 4 deadline to file a motion to amend pleadings, on June 11, 2015, Defendants filed their "Motion for Leave to File Counterclaim" [ECF No. 33]. Defendants attached their proposed "Counterclaim," which actually contains three claims:

money had and received (Count I); breach of contract (Count II); and tortious interference with contract and business expectancy (Count III) [ECF No. 33-1 at 2-4]. According to the proposed "Counterclaim," Defendants began making certain payments and financial contributions, in accordance with the CBA, in July 2013 [ECF No. 33-1 at ¶¶ 1-3]. Defendants allege they made "excess payments," resulting in "Plaintiffs collect[ing] $12,852.10 for vacation pay and $13,073.60 for check off dues from Defendants that were not owed by Defendants" [ECF No. 33-1 at ¶ 4]. Defendants claim, "Plaintiffs have refused to return the excess payments to Defendants and/or Plaintiffs prevented Defendants from recovering the amount of excess payments from workers" [ECF No. 33-1 at ¶ 5]. All three of Defendants' claims arise from these allegations.

## II. STANDARD

When a party seeks to amend a pleading after the deadline in the applicable case management order has passed, the request implicates both Federal Rule of Civil Procedure 15 and 16. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). The FRCP Rule 16(b) good-cause standard should be applied first, then the "when justice so requires" standard of Rule 15(a) is applied. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Good cause requires a change in circumstance, law, or newly discovered facts. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If a party has been diligent

in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a) including, if there is prejudice to the other parties. *Id*. at 716-17.

## III. DISCUSSION

In their Motion, Defendants claim, "During the course of discovery," they "discovered that they have a valid and meritorious counterclaim" [ECF No. 33 at 1]. Defendants argue the three counterclaims "stem[] from and relate[] to the transaction and occurrence described in Plaintiffs' Complaint" [ECF No. 33 at 1]. Defendants contend they "would suffer great prejudice" if they are not permitted to assert their counterclaims, adding Plaintiffs would not suffer prejudice if the Court grants Defendants leave to file said counterclaims, "as only limited written discovery has been conducted, no depositions have taken place[,] and the matter is not set for [trial]" until February 2016 [ECF No. 33 at 1]. Defendants state, "This motion will not cause, nor is it made for the purpose of causing prejudice or undue delay, but for the purpose of asserting a valid and meritorious claim. It would serve the interest of justice and judicial economy to include this Counterclaim in this matter" [ECF No. 33 at 2]. In their joint Response, Plaintiffs emphasize Defendants' Motion comes "[t]hree months after the deadline to amend pleadings," and argue, "Defendants have no reason why the allegations in their proposed counter claim could not be brought before June 2015. These late claims only serve to delay and add costs upon the Plaintiffs" [ECF No. 35 at 1-2].

### A. *Rule 16 – Good Cause Standard*

This Court has found "good cause" under Rule 16(b) can exist when facts, giving rise to a new claim, arise during discovery. *See Ghattas v. First Nat. Bank of Layton*, No. 4:12-CV-2348 CAS, 2014 WL 222819 *1 (E.D. Mo. Jan. 21, 2014). In *Ghattas*, the plaintiff filed his motion

4

for leave to amend relatively soon after he learned of the new facts, and there was still ample time to conduct discovery. *Id*. at *1. Additionally, the new claim was closely related to other claims. *Id*. Further, there were four months until the dispositive motion deadline, and the trial was nine months away. *Id*. Here, Defendants claim they learned the information related to their counterclaims during discovery, and Plaintiffs have not refuted this or claimed Defendants were previously aware of the relevant information. The counterclaims appear to be closely related to Plaintiffs' claims, as they all relate to payments Defendants were obligated to make in accordance with the CBA. Defendants filed their Motion over three months before the deadline for the completion of discovery, over four months before the dispositive motion deadline, and almost eighth months before trial. Thus, the Court finds Defendants have established "good cause" under Rule 16(b).

### B. *Rule 15 – When Justice So Requires Standard*

Defendants must now meet the standard in Rule 15. *Sherman*, 532 F.3d at 715. A district court may deny a motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*. (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

The current situation does not raise any of these concerns. In particular, the Court does not believe granting Defendants leave here will cause Plaintiffs undue prejudice. As mentioned above, the counterclaims appear to be closely related to Plaintiffs' claims, as the question of Defendants' payments (or non-payment) lies at the heart of the original lawsuit. Further, it

appears only limited written discovery has taken place, and no depositions have been taken (at least as of June 11, when Defendants filed their Motion). Discovery is not even scheduled to be completed until September 22. Thus, although some limited additional discovery may be needed, there is no reason to believe unfair prejudice will result from granting Defendants' Motion.

**IV.    CONCLUSION**

The Court finds Defendants have good cause to file their counterclaims, and the Court will allow these counterclaims, as outlined in the proposal attached to Defendants' Motion, to be filed. Plaintiffs shall file an Answer to the counterclaims within twenty days of the issuance of this Order. Should the parties require discovery in addition to or outside the scope of that contemplated by the Case Management Order, requests for such further discovery may be made in writing and filed with the Court. If such further discovery is deemed necessary by the Court, it may occur at the expense of Defendants. All other deadlines will remain as set in the current Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion for Leave to File Counterclaim" [ECF No. 33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an Answer to the counterclaims within twenty days.

So Ordered this 15th day of July, 2015.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**