UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PAINTERS DISTRICT COUNCIL )
NO., 58, ET AL., )
    )
        Plaintiffs, )
    )
    v. ) No. 4:14-cv-01812 ERW
    )
RDB UNIVERSAL SERVICES, LLC )
DELORIS BERRY AND RELDER BERRY )
    )
        Defendants. )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Dismiss or for a more definite statement [ECF No. 38] Defendants' Counterclaim. [ECF No. 37]

**I.    BACKGROUND**

On October 27, 2014, Plaintiffs filed a complaint against Defendants RDB Universal Services, LLC ("RDB"), Deloris Berry, and Relder Berry [ECF No. 1], based on RDB's alleged breach of a collective bargaining agreement ("CBA"). Plaintiffs allege RDB was obligated under the CBA to make reports and contributions on a weekly basis [ECF No. 1 at ¶ 33-34]. Thus, Plaintiffs conclude, pursuant to 29 U.S.C. § 1132(a) and (g), RDB is liable for unpaid principal amounts, liquidated damages on the unpaid principal amounts, "liquidated damages on amounts it has paid and may pay in an untimely manner," as well as reasonable attorneys' fees, accounting fees, and costs incurred in connection with this action. [ECF No. 1 at ¶¶ 47-50] Plaintiffs seek to hold Deloris and Relder Berry jointly and severally liable for RDB's failures, as guarantors of the CBA obligations. [ECF No. 1 at ¶¶ 52-71]

On July 15, 2015, Defendants filed a counterclaim against Plaintiffs for money had and received, breach of contract, and tortious interference with contract and business expectancy. [ECF No. 37]. In response, on August 4th, 2015, Plaintiff filed this Motion to Dismiss or for a More Definite Statement [ECF No. 38], alleging Defendants' allegations are so vague they fail to state a claim for relief which can be granted, or in the alternative ask the court enter an order requiring defendants to make their counterclaims more definite. [ECF No. 38 ¶ 1] On August 28, 2015, Defendants filed a response to Plaintiffs' motion to dismiss indicating their claims are clear and arise out of the same facts as Plaintiffs' claim. [ECF No. 41] Plaintiffs' reply indicates when the counterclaim is read with Defendants' response, only then does the counterclaim become intelligible, and it still does not state a cause of action for either Defendants Relder Berry or Deloris Berry, or cause certain Union fund plaintiffs to be liable. [ECF No. 42]

## II. STANDARD

### a. Rule 12(b)(6)

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the allegations as a whole,

not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

**b. Rule 12(e)**

Under FRCP 12(e), "A party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." This rule along with FRCP 8(a)(2), "permit[s] the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Indus., Inc. v. Tru–Arx Mfg., LLC*, No. 06–C–1010, 2006 WL 3469599, at *1 (E.D.Wis. Nov. 29, 2006). "The decision to grant a motion for a more definite statement is left to the discretion of the court, as is the level of specificity the court may require if the motion is granted." *Id* at *1. "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Campbell v. ABB Inc.*, No. 4:14CV01489 AGF, 2015 WL 1006388, at *2 (E.D. Mo. Mar. 5, 2015). However, "Motions for a more definite statement are not favored 'because pleadings are to be construed liberally to do substantial justice.'" *Vickery v. ConAgra Foods, Inc.*, No. 4:15-CV-797 CAS, 2015 WL 5306204, at *5 (E.D. Mo. Sept. 10, 2015) (citing James W. Moore, et al., 2 Moore's Federal Practice, § 12.36[1] (3d ed.2014)).

**III. DISCUSSION**

**A. Motion to Dismiss**

Plaintiffs pray the court dismiss Defendants' counterclaim pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative pray the court order Defendants to make a more definite statement with their counterclaim pursuant to FRCP 12(e). [ECF No. 38]. Plaintiffs specifically allege the counterclaim does not make it clear what arguments are being made; how the parties are defined; which parties are being sued and which parties are filing suit; what monies are in dispute; what contract is in dispute; and what workers or third party entities are in dispute. [ECF No. 38]

### a. Plaintiffs' general allegations against Defendants for lack of specificity

Plaintiffs allege a number of general allegations against Defendants' counterclaim indicating it would be too difficult to respond to the counterclaim as written. Plaintiffs allege Defendants fail to set forth why each Defendant is entitled to relief against each Plaintiff and the allegations are too broad to respond; [ECF No. 38 at ¶ II.A.] the counterclaims are too vague and confusing; [ECF No. 38 at ¶ II.B.] and, the agreement in question is undefined leading to questions of whom the claims are against. [ECF No. 38 at ¶ II.C.] Finally, in Plaintiffs' reply to Defendants' memorandum in support of the counterclaim, they contend Defendants Relder Berry and Deloris Berry, and Plaintiffs, the Welfare Fund, the Apprenticeship Fund, and the Pension Fund should be dismissed because no facts are provided entitling these specific Defendants to relief or for liability to these specific Plaintiffs. [ECF No. 42 at 3]

"The purpose of the pleading requirements is simply to "give the [counterclaim] defendant fair notice of what the [counterclaim] plaintiff's claim is and the grounds upon which it rests." *Superior Edge, Inc. v. Monsanto Co.*, 44 F. Supp.3d 890, 897 (2014) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (U.S. 2002). Defendants bring three specific claims, and it appears Plaintiffs acknowledges each is separate and addresses each claim

separately in their motion. See *Superior Edge , Inc*. at 897 (*stating* "That SEI understands the legal nature and the factual allegations that support them is perhaps best illustrated by SEI's coherent motion to dismiss which raises specific arguments against each of Monsanto's counterclaims.") Plaintiffs' argument they are unsure of what parties are bringing claims or having claims brought against them lacks merit since, as the first sentence of the counterclaim indicates each of the defendants is filing a counterclaim against Plaintiffs, and each prayer for relief asks for judgment against Plaintiffs. Further, Plaintiffs' argument they are unsure of which parties are in the suit is also unpersuasive as it cites no proposition or claim by Defendants indicating there are additional parties.

Finally, Plaintiffs argue Defendants Relder Berry and Deloris Berry are not entitled to relief and claims cannot be brought against the Welfare Fund, the Apprenticeship Fund, and the Pension Fund, because Defendants have presented no facts which would entitle them to relief. [ECF No. 42 at 3-4] Defendants in their counterclaim allege Plaintiffs and Defendants entered into a collective bargaining agreement, and there is no other contrary language in the counterclaim suggesting certain Plaintiffs or Defendants were not parties. "This court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). Therefore, the Court finds Defendants have pled enough facts which, if true, would present a claim for relief and Plaintiffs' motion to dismiss is denied on the bases of: the vagueness of the arguments made, the imprecision regarding the definition of the parties, and the lack of clarity in determining which parties are bringing claims and which parties have claims brought against them.

### b. Count I fails to state a claim against all plaintiffs

Defendants allege in Count I of their counterclaim a claim for money had and received. [ECF No. 37 ¶ 7-14] Plaintiffs move to dismiss for failure to state a claim because there are no facts in the complaint about which funds the money was deposited into and no "specific statements regarding who requested what from whom." [ECF No. 38 at ¶III.D.]

"To state a claim for money had and received, a plaintiff must allege that '(1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the money was unjust.'" *Superior Edge, Inc.,* at 899 (2014) (*quoting Pitman v. City of Columbia*, 309 S.W.3d 395, 402 (Mo. Ct. App. 2010)). The counterclaim specifically pleads Defendants overpaid this money and Plaintiffs received it, Plaintiffs appreciated a benefit by getting money they had not earned, and the keeping of such money was unjust. [ECF No. 37 ¶8-14] These allegations are a short plain statement indicating the Defendants may be entitled to relief. Accordingly, the Court will not grant Plaintiffs' motion to dismiss Count I of Defendants' Counterclaim.

### c. Count II fails to state a claim against all plaintiffs

Defendants allege in Count II, of their counterclaim, a claim for breach of contract. [ECF No. 37 ¶ 15-22] Plaintiffs move to dismiss for failure to state a claim because Defendants do not clearly identify the contract or agreement in dispute, and Plaintiffs' claim mentions multiple contracts. [ECF No. 38 ¶ III.E.] Defendants state the only contract referenced in the counterclaim is the collective bargaining agreement. It seems disingenuous for plaintiffs to argue they are unaware of which contract is in dispute, when only one contract is mentioned in the counterclaim, and there are no references back to the original claim in the counterclaim or to another contract in the counterclaim. Accordingly, the Court will not grant Plaintiffs' motion to dismiss Count II of Defendants' Counterclaim.

### d. Count III fails to state a claim against all plaintiffs

Defendants allege in Count III of their counterclaim, a claim for tortious interference with contract and business expectancy. [ECF No. 37 ¶ 23-29] Plaintiffs move to dismiss for failure to state a claim because Defendants do not properly identify the "workers" and "third party entities". [ECF No. 38 ¶ III.F.] In the counterclaim Defendants identify third party entities as parties which retained Defendants' services [ECF No. 37 ¶ 24] and Defendants argue the only classification of relevant workers were union workers. [ECF No. 41]

"A claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct." *Graham v. Hubbs Machine and Mfg., Inc.*, 2015 WL 728510 (E.D. Mo. 2015). The counterclaim specifically pleads each element. [ECF No. 37 ¶23-29] These allegations are a short plain statement indicating the Defendants may be entitled to relief, as required under *Iqbal*. Defendants here are not required to point out each and every fact which may prove relevant, but rather only provide a short simple statement which shows they are entitled to relief. *Konold v. Superior Int'l Indus. Inc.*, 911 F. Supp. 2d 303, 309 (W.D. Pa. 2012). (*stating* "Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.") Accordingly, the Court will not grant Plaintiffs' motion to dismiss Count III of Defendants' Counterclaim.

### B. Motion for a more definite Statement

Plaintiff in the alternative asks the court to order Defendant to make a more definite statement under 12(e). Defendants, in their counterclaim, make clear the lawsuit is between all

defendants and all plaintiffs, the transaction arises out of the contractual bargaining agreement and failure to return certain monies, and the specific amount of monies are those in dispute. Defendants at this point do not need to provide the exact details of the trust fund Plaintiffs for the monies which are alleged to be improperly withheld, as these facts may be explored in discovery. The present case is similar to, *Iron Workers St. Louis Dist. Council Annuity Trust v. United Ironworkers, Inc.*, where a claimant was not required to specify the specific terms of the CBA, number of hours worked, or specific audit findings. *Iron Workers St. Louis Dist. Council Annuity Trust v. United Ironworkers, Inc.*, No. 4:15-CV-00713-AGF, 2015 WL 4775191, at *2 (E.D. Mo. Aug. 13, 2015). Defendants have made intelligible pleadings, and have met the "short and plain statement of the claim" as required by FRCP 8(a)(2) showing they are entitled to relief required under *Twombly*.

## IV. Conclusion

The Defendants' Counterclaim provides a short plain statement showing that the Defendant is entitled to relief. The language of the counterclaim provides notice to the Plaintiff of why they are being sued, and what the cause of the suit is, thus giving the Plaintiffs enough information to intelligibly respond to the counterclaim. For the reasons set out above, the court declines to grant Plaintiffs relief on either motion to dismiss or its motion for a more definite statement. Therefore, the court will deny Plaintiffs' motion and direct them to file an answer or other appropriate motions within ten days.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Defendants' Counterclaim or for a more definitive statement [ECF No. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an answer or other responsive

pleadings to Defendants' counterclaims within ten (10) days.

Dated this 17th Day of September, 2015.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE