UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO 58, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:14CV01812 ERW<br>) |
| RDB UNIVERSAL SERVICES, LLC, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Reconsideration and to clarify Court's Order granting and denying Plaintiffs' Motion for Summary Judgment in Part. [ECF No. 71].

**I. BACKGROUND**

Plaintiffs represent a multi-employer pension plan, welfare pension plans, a vacation plan, an apprenticeship plan, and a labor organization. Plaintiff Painters District Council No. 58 (the Union) is a labor organization within section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), and is an employee organization within the meaning of section 3(4) of the Employee Retirement Income Security Act, 29 U.S.C. §1002(4). Plaintiffs the Painters Council No. 2 Pension Trust (Pension Trust); Painters District Council No. 2 Welfare Trust (Welfare Trust); Painters District Council No. 2 Vacation Trust (Vacation Trust); Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (Apprenticeship Trust), collectively known as the PDC Trusts, are all employee benefit plans under Section 3(3) and 502 (d)(1) of ERISA. 29 U.S.C. §§ 1002(3), 1132(d)(1).

1

Defendant RDB Universal Services, LLC, (RDB) is a general contracting company licensed to do business in Missouri, and Defendants Relder Berry and Deloris Berry, collectively the Berrys, are husband and wife, associated with RDB, with Deloris serving as President of RDB Universal.

Plaintiffs have filed this motion asking the Court to reconsider portions of its Memorandum and Order, granting and denying Plaintiffs' Motion for Summary Judgment. [ECF No. 69]. Plaintiffs argue the Court should reconsider or clarify four portions of the Memorandum and Order on summary judgment: (1) Plaintiffs contend the Court erred, after finding RDB was bound by the 2010 collective bargaining agreement ("2010 CBA"), failed to assess damages and concluded whether RDB was bound by the 2013 collective bargaining agreement ("2013 CBA") is a material fact in dispute; (2) Plaintiffs ask the Court reconsider its decision to deny Plaintiffs request for a new audit, after the Court acknowledged Plaintiffs' authority to do so; (3) Plaintiffs ask for clarification with respect to Defendants' claims of tortious interference of contract or business expectancy and breach of contract, because of conflicting language in the memorandum and order; and (4) finally, Plaintiffs contend the Court erred in denying Plaintiffs' Motion for Summary Judgment with respect to RDB's counterclaim of money had and received, since the Union never received any overpayments or mistaken contributions. [ECF No. 71].

Defendants respond (1) which CBA applies is a material issue, Plaintiffs' reservation of a trial argument the 2013 CBA is in effect, concedes the importance of this issue, the Court mentioned there were multiple material issues preventing summary judgment, specifically, the audit, and finally, this is a prohibited new argument; (2) Plaintiffs' summary judgment pleadings do not ask for a new audit, and therefore the Court has nothing to reconsider since a renewed audit was not requested; (3) Defendants agree with Plaintiffs clarification is required on Defendants'

2

counterclaim of tortious interference of contract or business expectancy; and (4) Plaintiffs present prohibited new arguments in respect to Defendants' counterclaim of money had and received, and the Court carefully considered Defendants had pled a claim of federal restitution. [ECF No. 77].

Plaintiffs reply: (1) Defendants did not address their allegations of the immateriality of the CBA and only focused on their reservation of arguments for trial, and the Court did not decide the materiality of the CBA on the basis of contested audit damages; (2) a renewed audit was requested in the complaint, a renewed audit request was in the memorandum in support of summary judgment, the Court acknowledged Plaintiffs' request for a renewed audit in the memorandum and order on summary judgment, and recent cases from the Court have allowed similar renewed audits; (3) Defendants have agreed with Plaintiffs clarification is required on Defendants' counterclaim of tortious interference of contract or business expectancy; and (4) Defendants do not respond to their argument Plaintiffs never received any overpayments from Defendants, and this is not a new argument, since Plaintiffs previously argued Defendants have admitted Plaintiffs never received overpayments. [ECF No. 78].

## II. STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure allows the Court to revise any order, before the entry of judgment adjudicating all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). A motion to reconsider may also be brought under Rule 54(b) to correct any "clearly or manifestly erroneous findings of facts or conclusions of law." *Prosser v. Nagaldinne,* No. 4:09CV2117 JAR, 2013 WL 308770 at *1 (E.D.Mo. Jan. 25, 2013) (quoting *Jones v. Casey's Gen. Stores,* 551 F.Supp.2d 848, 854 (S.D.Iowa 2008)). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the

standards enunciated in Federal Rule of Civil procedure 60(b)". *Wells' Dairy, Inc. v. Travelers Indem. Co. of Illinois,* 336 F.Supp.2d 906, 909 (N.D.Iowa 2004).

"A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). "District courts have substantial discretion in ruling on motions for reconsideration. However, in general, '[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Boswell v. Panera Bread Co*., No. 4:14-CV-01833-AGF, 2016 WL 1392066, at *2 (E.D. Mo. Apr. 8, 2016) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

**III. DISCUSSION**

Plaintiffs ask the Court to reconsider four portions of the Memorandum and Order on summary judgment. Plaintiffs contend the Court's decision in failing to assess damages after determining RDB was bound by the 2010 CBA was in error, because the CBA to which RDB is bound does not change RDB's liability. Second, Plaintiffs ask for clarification in determining if they are entitled to conduct a renewed audit of RDB's books and records, after the Court acknowledge the authority of Plaintiffs to do so, but denied any other right to relief. Third, Plaintiffs ask for clarification on the Court's ruling with respect to Defendants' claims of tortious interference of contract or business expectancy and breach of contract, because of conflicting language in the memorandum versus the order. Finally, Plaintiffs contend, since they never received any overpayments or mistaken contributions, the Court erred in denying Plaintiffs' Motion for Summary Judgment with respect to RDB's counterclaim of money had and received.

A. *Materiality of the specific CBA in effect*

The Plaintiffs contend the Court erred in failing to determine liability on the part of RDB, after finding RDB was liable on the 2010 CBA, because which CBA applies, the 2010 or the 2013, is immaterial to RDB's liability. Plaintiffs argue a provision in the 2010 CBA reflects an employer's obligation to pay increased fringe benefit contributions pending the recommendation of an annual advisory committee which meets to recommend increased contributions for ratification by the Union members. [ECF No. 71-1 at 3]. Further, Plaintiffs argue the 2010 and 2013 CBA's contain the same provisions for liquidated damages, accounting costs, attorney's fees and court costs, and therefore do not affect the non-principal damages as well. [ECF No. 71-1 at 4-5]. Defendants contend which CBA is in effect is a material issue, evidenced by Plaintiffs' desire to reserve a separate trial argument, and the Court did not decide contested audit issues. Defendants argue, irrespective of which CBA is effective, material issues still exists precluding summary judgment. Finally, Plaintiffs present a new legal argument which is inappropriate at this stage of the litigation. [ECF No. 77 at 3-5]. Plaintiffs reply Defendants did not address their allegations of the immateriality of the CBA, the Court did not decide the materiality of the CBA on the basis of contested audit damages, and they are not presenting a new legal argument, but are analyzing an issue first addressed by the Court.

While the Court has broad discretion in these matters, it reviews these arguments in the limited scope on motions for reconsideration. Plaintiffs admit they are analyzing an issue not discussed in their summary judgment pleadings, and they do so because the Court first addressed this issue in its memorandum and order. [ECF No. 78 at 5]. Plaintiffs, in their reply memorandum in favor of summary judgment, argued RDB was at least bound by the 2010 CBA. Throughout their summary judgment pleadings, Plaintiffs argued RDB's course of conduct after the time

period of the 2013 CBA bound Defendants to a contract, but not once did they argue the same course of conduct would have also bound them to the 2010 CBA. This is a new argument, prohibited in this type of motion, and not previously presented, despite the opportunity to do so. *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, No. 4:08CV230DJS, 2009 WL 2177231, at *2 (E.D. Mo. July 22, 2009) (finding where a current argument was available to party prior to entering judgment, but the party failed to advance the argument, relief was not warranted).

Further the Court in its memorandum determined there were still material issues in dispute on the basis of the audit, specifically concerning audit and post-audit damages. Therefore, even if the court were to accept Plaintiffs' arguments, there would still be material issues concerning liability preventing summary judgment.

While, the Court has broad discretion to correct errors, Plaintiffs present a prohibited new argument, and material issues of fact still exist in regards to the audit, showing Plaintiffs' argument the CBA is immaterial to RDB's liability is incorrect. The Court denies Plaintiffs' motion to reconsider; a reasonable fact finder may find differentiated liability based on the facts in dispute.

    B.    *Renewed audit of RDB*

Plaintiffs ask the Court to reconsider its denial of Plaintiffs' request for a renewed audit of RDB, after the Court recognized Plaintiffs' right to conduct such an audit, but failed to enter a specific order allowing Plaintiffs to conduct an audit, then denying the Summary Judgment motion in all other respects. [ECF No. 71-1 at 5-6]. Defendants contend Plaintiffs are not entitled to a renewed audit, because Plaintiffs never requested an audit in their pleadings for summary judgment and this motion is not the proper avenue to seek such relief. [ECF No. 77 at 5-6]. Plaintiffs reply a request was made in their memorandum in support of Motion for Summary Judgment [ECF No. 50 at 10], a request was made in their complaint [ECF No. 1 at 8], and the

6

Court recognized this request in the memorandum and order on summary judgment. [ECF No. 69 at 3]. Further, Plaintiffs point out this Court has previously awarded renewed audits with motions for reconsideration after summary judgment. [ECF No. 78 at 6-7].

The Court first addresses Defendants argument Plaintiffs never requested a renewed audit in their summary judgment pleadings. The Court does not dispute Plaintiffs requested this renewed audit in their complaint, but a request in the complaint does not affect Defendants' contention Plaintiffs never requested such an audit in their summary judgment pleadings, and is not relevant to a motion for summary judgment. The Court disagrees with Plaintiffs' contention a request for a renewed audit was plainly stated in their memorandum, and provides the relevant portion of Plaintiffs' memorandum, for reference:

> **"F. Plaintiffs' renewed audit**
> The CBAs and PDC Trusts' documents obligate RDB to submit to an examination of its books, records, documents, reports, and any other information deemed necessary to assure RDB complies with its obligations under the CBA. **[Fact, ¶ 28]**. Such an audit is scheduled for November 10, 2015. **[Fact, ¶ 41]**. Thus, Plaintiffs request the opportunity to present further proof of damages as may be discovered in the next scheduled audit."

[ECF No. 50 at 10]. The Court read this request as an opportunity to present further proof of damages discovered in the next scheduled audit, and not a "request that Defendant RDB submit to a payroll examination" as Plaintiff avers it requested on the motion for reconsideration. [ECF No. 71-1]. A motion for reconsideration is not the proper avenue to request such relief, nor is it reasonable to conclude the court should have interpreted Plaintiffs' argument to present further proof of damages discovered in the next scheduled audit as a request for the Court to order a further audit. This is a new argument, prohibited in motions for reconsideration. The Court denies Plaintiffs' motion for reconsideration on this point.

7

*C. Clarification of Court's Order with respect to Defendants' claims of tortious interference of contract or business expectancy and breach of contract, because of conflicting language in the memorandum versus the order*

The Court in its Memorandum and Order in Summary Judgment, denied Plaintiffs' summary judgment motion [ECF No. 69 at 30], after performing an analysis determining Defendants were unable to state a claim of tortious interference of contract or business expectancy and breach of contract. *Id.* at 23, 28-29. The Court erred. In accordance with the analysis in the memorandum and order, Defendants' counterclaim shall be denied, Plaintiffs' motion for Summary Judgment on these two claims shall be granted.

*D. Defendants' money had and received counterclaim*

Plaintiffs contend they never received any amount, other than the amount owed to them, and the Court erred in denying Plaintiffs' Motion for Summary Judgment with respect to RDB's counterclaim of money had and received. [ECF No. 71]. Defendants respond Plaintiffs are presenting a prohibited new argument, and the Court carefully considered the equitable factors of this claim. [ECF No. 77]. Plaintiffs reply Defendants do not respond to their arguments, this is not a new argument, as they have argued previously Plaintiffs never received double payments. [ECF No. 78].

The Court, in its memorandum and order, denied Plaintiffs' Motion for Summary Judgment on RDB's counterclaim of money had and received, after determining a reasonable fact finder could determine Defendants have a claim for money had and received, based on different equitable factors, thus preventing Summary Judgment. [ECF No. 69 at 27]. In Plaintiffs' memorandum in favor of summary judgment, Plaintiffs argued a counterclaim for money had and received by Defendants should be denied because all of the monies received by Plaintiffs were used for the benefit of the funds. Plaintiffs present the same argument here: Defendants cannot state a claim for

relief because Plaintiffs did not receive monies not due to them. While Plaintiffs inform the court of additional authority for their proposition, they are not advancing a new legal argument, and Plaintiffs' argument is not based on this ground.

Plaintiffs argue the Court's analysis on the equity of restitution is unnecessary, because Defendants cannot meet an essential element of the claim; Plaintiffs did not receive funds to which they were not entitled. "[The Eighth Circuit] has joined other circuits by holding that 'an employer has a federal common law action for restitution of mistakenly made payments to an ERISA plan.'" *Greater St. Louis Const. Laborers Welfare Fund v. Park-Mark, Inc.*, 700 F.3d 1130, 1135 (8th Cir. 2012) quoting *Young Am., Inc. v. Union Cent. Life Ins. Co.*, 101 F.3d 546, 548 (8th Cir.1996). Plaintiffs inform the Court of multiple cases where companies were unable to avoid obligations to unions or their funds, because of payments made to related sources in lieu of payments to the funds. *Local 9, Int'l Union of Operating Engineers, AFL-CIO v. Siegrist Const. Co.*, 458 F.2d 1313, 1316 (10th Cir. 1972) (finding sympathy with employer's concern of paying twice, but recognizing a failure to perform to the union under the collective bargaining agreement hurts the funds); *Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1401 (N.D. Cal. 1992) (finding payments by companies of contributions directly to employees did not obviate company's responsibility to pay the funds as well). The Court in reconsidering Defendants counterclaim realizes Defendants are unable to state a claim, since they have admitted they never overpaid Plaintiffs in this case. The Court erred in performing an analysis of equitable factors in its summary judgment memorandum and order, because Defendants cannot prove a claim for restitution, since the double payments were not to Plaintiffs, but were to third parties not in the litigation.

This is a clear error of law, and the Court is within its discretion to correct such an error. The Court erred with its analysis of this claim, and as such will reconsider its previous decision on summary judgment. The Court instead grants Plaintiffs' Motion for Summary Judgment on Defendants' claims of money had and received, thus denying Defendants' counterclaim for money had and received.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs Motion for Reconsideration and to Clarify Court's Order Granting and Denying Plaintiffs' Motion for Summary Judgment in Part [ECF No. 71] is hereby GRANTED in PART and DENIED in part.

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Reconsideration, on the issue of the specific CBA in effect does not affect Defendants liability is DENIED.

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Reconsideration, on the issue of a renewed audit by Plaintiffs is DENIED.

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Reconsideration, on whether Plaintiffs' Motion for Summary Judgment is granted or denied with respect to Defendants' claims of tortious interference of contract or business expectancy and breach of contract is GRANTED [ECF No. 71], and after reconsideration, Plaintiffs' Motion for Summary Judgment is GRANTED with respect to Defendants claims of tortious interference of contract or business expectancy and breach of contract. [ECF No. 48].

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Reconsideration, with respect to Summary Judgment of RDB's counterclaim of money had and received is GRANTED [ECF No. 71], and after reconsideration, Plaintiffs' Motion for Summary Judgment is GRANTED with respect to RDB's counterclaim of money had and received. [ECF No. 48].

So Ordered this 16th Day of August, 2016.

_E. Richard Webber_
_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**