UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PAINTERS DISTRICT COUNCIL    )
NO. 58, et al.    )
    )
    Plaintiffs,    )
    )
    vs.    )    Case No. 4:14CV01812 ERW
    )
RDB UNIVERSAL SERVICES, LLC,    )
et al.,    )
    )
    Defendants.    )

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiffs' Motion for Entry of Default

Judgment [ECF No. 151] pursuant to Rule 37 of the Federal Rules of Civil Procedure against

Deloris Berry, n/k/a Deloris Seaton, and BV Diversified Consultants, LLC.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2014, Plaintiffs brought suit under the Employment Retirement Income

Security Act ("ERISA"), 29 U.S.C. § 1002, *et seq.*, and the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 141, *et seq.*, against Defendants RDB Universal Services, LLC, Deloris

Berry, and Relder Berry, alleging Defendants owed Plaintiffs for delinquent fringe benefit

contributions in accordance with the terms and conditions of a collective bargaining agreement.

Before the case proceeded to trial, an automatic stay was entered because the Berrys had filed a

Petition for Bankruptcy. However, the United States Bankruptcy Court for the Eastern District

of Missouri granted Plaintiffs' Motion for Relief from Automatic Stay and permitted Plaintiffs to

proceed forward with legal proceedings *against Defendant RDB*. On December 23, 2016, a

month before the bench trial against Defendant RDB, Defendants Deloris and Relder Berry received a discharge from the U.S. Bankruptcy Court.

Following a two-day bench trial against Defendant RDB, this Court entered judgment on behalf of Plaintiffs and against RDB Universal Services in the amount of $271,271.69. In addition to damages, this Court ordered "Defendant RDB Universal Services, LLC shall pay Plaintiffs' attorneys' fees and costs."[1]  The Court further ordered Plaintiffs to inform the Court within twenty days whether they wished to dismiss this action against Defendants Deloris and Relder Berry, or proceed in a different manner.  Plaintiffs subsequently filed a motion to dismiss Defendants Deloris and Relder Berry, which the Court granted, without prejudice.

In attempting to collect the judgment balance, Plaintiffs noticed a post-judgment deposition of Defendant RDB−requiring the attendance of Defendant RDB through its officer Deloris Berry. Plaintiffs sought discovery pertaining to RBD and BV Diversified Consultants, LLC, a construction company owned in part by Ms. Berry and which was started after the closure of Defendant RDB Universal Services, LLC.  Ms. Berry failed to appear at the deposition or produce the documents requested. On January 28, 2018, Plaintiffs filed a Motion to Compel Defendant RDB (through Dolores Berry) to produce requested documents and appear for a post-judgment deposition.  The Court granted Plaintiffs' Motion to Compel.  Plaintiffs subsequently filed a Motion for Contempt on June 6, 2018.  The Court held a Contempt Hearing and ordered Ms. Berry to appear for a post-judgment deposition on August 15, 2018.  On August 29, 2018, Plaintiffs filed a Notice of Continued Contempt.  Plaintiffs stated that despite being ordered by the Court to do so, Deloris Berry failed and refused to provide any documents pertaining to BV

---

[1] The Court later awarded attorneys' fees in the amount of $75,965.45 and costs in the amount of $2,417.26.

Diversified. According to Plaintiffs, the discovery sought is aimed at establishing that BV Diversified represents the alter ego of Defendant RDB.

On August 30, 2018, the Court held a status hearing at which Ms. Berry failed to appear. The Court ordered Ms. Berry to 1) show cause why she should not be held in contempt of court, and 2) to appear at the next status conference. At the subsequent Status Conference held on September 14, 2018, the Court ordered Ms. Berry to produce certain documents no later than February 19, 2019. In March 2019, Plaintiffs filed a Notice to the Court that they had received no response from Ms. Berry. The Court held another Civil Contempt hearing on April 24, 2019, at which Ms. Berry failed to appear. The Court ordered a Writ of Body Attachment against Ms. Berry. At a hearing held on May 16, 2019, Ms. Berry appeared in custody on the Writ of Body Attachment. The Court ordered her to appear before the Court on May 28, 2019, and produce certain documents listed by the Court to Plaintiffs. On May 28, 2019, Ms. Berry appeared before the Court. Although she provided some documents to Plaintiffs, her production was incomplete and the Court ordered her to provide the remaining documents to Plaintiffs within 60 days. The Court provided Ms. Berry with a list detailing documents to be produced. To date, Plaintiffs aver Ms. Berry has not produced the documents

Based upon Ms. Berry's continued non-compliance, Plaintiffs have filed a Motion for Default Judgment. Plaintiffs argue Deloris Berry and BV Diversified Consultants, LLC, have repeatedly refused to comply with this Court's Orders and, therefore, sanctions pursuant to Rule 37 are appropriate. Specifically, Plaintiffs seek the imposition of a default judgment pursuant to Rule 37(b)(2)(A)(vi) against Ms. Berry and BV Diversified Consultants, LLC, jointly and severally, in the amount of $349,654.40, which is the amount Plaintiffs were previously awarded by this Court against Defendant RDB. Plaintiffs also seek an award of $10,258.70 in attorneys'

fees and costs Plaintiffs have incurred since January 1, 2018, related to obtaining these documents.  Plaintiffs' motion is unopposed.

On November 6, 2019, this Court held a hearing on Plaintiffs' Motion for Entry of Default Judgment. Ms. Berry did not appear. The Court heard from Plaintiffs' attorney and gave Plaintiffs 28 days to supplement their motion for default judgment.  On December 4, 2019, Plaintiffs filed a Supplemental Memorandum in Support of their Motion for Default Judgment [ECF No. 154] setting forth support for their proposition that this Court may issue a default judgment against non-parties Ms. Berry and BV Diversified.  In the event the Court declines to enter a default judgment, Plaintiffs ask for a different sanction under Rule 37--that matters embraced in discovery orders violated by Deloris Berry and BV Diversified be taken as established.  Specifically, Plaintiffs seek to deem admitted the following:  that BV Diversified is the alter ego of RDB; that BV Diversified is liable for the judgment against RDB; and that BV Diversified was created as fraud to escape liabilities owed by RBD to Plaintiffs.

## **DISCUSSION**

In their Motion for Default Judgment and Supplemental Memorandum in Support, Plaintiffs ask the Court to sanction two non-parties to this litigation pursuant to Federal Rule of Civil Procedure 37.  Rule 37 provides that "[i ]f a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6)[2] ... fails to obey an order to provide or permit

---

[2] "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30 (b) (6).

discovery, ... the court where the action is pending may issue further just orders." Fed .R .Civ. P.

37(b)(2)(A). Specifically, under Rule 37, a court may issue an order:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37. Here, Plaintiffs ask the Court to enter orders under sub-sections (i) and (vi).

Under Rule 37, Ms. Berry, an owner and principal officer of both Defendant RDB and

BV Diversified, certainly may be compelled to produce documents and appear for deposition.

Furthermore, Plaintiffs have a persuasive argument for sanctions against Ms. Berry due to her

repeated violations of the Court's orders. However, whether the Court may enter default

judgment as a permissible sanction under Rule 37 with respect to Ms. Berry or BV Diversified is

a different matter. Subsection (vi) of Rule 37 states the Court may "render[] a default judgment

against the disobedient **party**." This language would seem to clearly indicate that the sanction

of default judgment may only be imposed upon a **party** to the action.

Because the plain language of the statute seems to preclude default judgment against non-

parties, the Court asked Plaintiffs to file additional briefing on this issue. In their supplemental

memorandum in support of their Motion for Default Judgment, Plaintiffs cite to two cases[3] as

authority for their proposition that this Court may enter default judgment against non-parties

Dolores Berry and BV Diversified. However, in neither of the cases cited, did the courts impose

the specific sanction of default judgment against a non-party. Instead, the cases confirm only

---

[3] See *Cement Masons Local 527 v. JT Concrete*, LLC, 2012 WL 5048719 (E.D. Mo. 2012), and *In re Medlock*, 406 F.3d 1066 (8th Cir. 2005).

that non-parties may be subject to other contempt sanctions, such as incarceration or monetary fines for non-compliance.  As such, the court finds these cases inapposite as support for the sanctions sought here.

The Court agrees that an individual owner or officer of a corporate entity, such as Ms. Berry, may be held in contempt for the corporation's failure to comply with a court order, even where the individual is not a defendant in the underlying action. *See Elec. Workers Pension Trust v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 382 (6th Cir.2003) (holding that the owner of a small electrical services company may be held in contempt for the company's noncompliance with a court order even though not himself a defendant or named in the relevant portions of the order). Under well-established principles of due process, however, a person is not subject to a judgment entered in litigation in which he has not been named as a party or been "made a party by service of process." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999) (citation omitted); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110-12, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). By precluding entry of judgment against a non-party to a case, these due process principles ensure a court does not "adjudicate a personal claim or obligation unless [the court] has jurisdiction over the person of the defendant."  *Zenith Radio*, 395 U.S. at 110, 89 S.Ct. 1562.

Due process also requires that a defendant "be given an opportunity to respond and contest his personal liability ... after he [is] made a party and before the entry of judgment against him."  *Nelson v. Adams, USA, Inc.*, 529 U.S. 460, 463, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000). Thus, fundamental to the protection of due process is "an opportunity to be heard ...." *Sciolino v. City of Newport News*, 480 F.3d 642, 653 (4th Cir. 2007) (citation and internal quotation marks omitted) (emphasis added).  A person must have a "fair chance" to respond to allegations made

against him, and that opportunity must be provided in a "reliable and orderly" fashion. *Nelson*, 529 U.S. at 467, 120 S.Ct. 1579. These concerns are reflected in the Federal Rules of Civil Procedure, which require identification of the defendants in a complaint, service of process, and compliance with rules for amending a complaint to add new defendants. *See* Fed. R. Civ. P. 4, 15, 17; *Nelson*, 529 U.S. at 465, 120 S.Ct. 1579 ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees.").

Here, the Court rendered judgment against Defendant RDB only and upon Plaintiffs' motion, dismissed Deloris Berry from the action. BV Diversified is alleged to be partially owned by an individual unconnected with this case and has never been a party to the action. The Court has ordered Ms. Berry, in her capacity as a corporate representative and owner, to produce numerous financial records of both BV Diversified and RBD. Ms. Berry has repeatedly refused to comply with the Court's orders. While the Court is well-aware of Plaintiffs' attempts to receive justice in this protracted litigation, it cannot circumvent the requirements of Due Process and the Federal Rules of Civil Procedure and impose default judgment against non-parties.

In the alternative, Plaintiffs ask the Court to sanction the non-parties under Rule 37 by issuing an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims …" Fed. R. Civ. P. 37(b)(2)(A)(i). Plaintiffs request the Court deem certain facts Plaintiffs have attempted to prove through post-judgment discovery as established. Specifically, Plaintiffs seek to establish that BV Diversified is the alter ego of RDB and therefore liable for the judgment secured by Plaintiffs against RDB. This alternative sanction raises the same concerns with the Court as the first one sought by Plaintiffs. The Court will decline under Rule 37(b)(2) to impose sanctions that essentially constitute a default judgment against non-parties in violation of due-process. *See*,

*e.g.*, *Life Technologies Corp. v. Govindaraj*, 931 F.3d 259, 265 (4th Cir. 2019) (individual officer of corporation could be not held liable for acts of corporation when he was not served with process; "[i]n light of these due process limitations, a judgment entered against a corporation that is determined to be the alter ego of a non-party establishes personal liability of the non-party only if the non-party is notified that such liability may be imposed and is given fair opportunity to defend the action resulting in the judgment").

While the Court denies Plaintiffs' instant motion, this does not preclude Plaintiffs from seeking other permissible sanctions against Ms. Berry under Rule 37. As demonstrated by previous orders in this case, courts have authority to award sanctions for contempt in ERISA collection cases against a corporate representative. *Chicago Truck Drivers v. Brotherhood Labor Leasing,* 207 F.3d 500, 504–05 (8th Cir. 2000). Appropriate sanctions include monetary fines, the issuance of a writ of body attachment for incarceration until the contempt is purged, and attorney's fees and costs. *See, e.g., Fischer v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1340 (8th Cir. 1975) (fines); *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC,* No. 4:08CV01501 ERW, 2011 WL 3891870, *1 (E.D. Mo. Sept. 1, 2011) (body attachment); *Greater Saint Louis Const. Laborers Welfare Fund v. AURA Contracting, LLC*, No. 4:11CV01563 AGF, 2012 WL 2684864, at *1 (E.D. Mo. July 6, 2012) (attorney fees and costs).


Accordingly,


**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment [ECF No. 151] against Deloris Berry, n/k/a Deloris Seaton, and BV Diversified Consultants, LLC. is **DENIED.**

Dated this 24th day of January, 2020.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE